## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Cassandra Edwards, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF |
| ) | CIVIL RIGHTS AND STATE |
| City of Chicago, City of Chicago P.O. M. ) | SUPPLEMENTAL CLAIMS |
| Rosario, Star No. 13512, P.O. E. Perez, ) | |
| Star No. 8915, and Unknown and ) | |
| Unnamed City of Chicago Police Officers ) | |
| ) | **JURY DEMANDED** |
| Defendants. | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Cassandra Edwards ("Edwards" or "Plaintiff") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant City of Chicago Police Officer M. Rosario, Star No. 13512, ("Rosario") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

5. At all times herein mentioned, Defendant City of Chicago Police Officer E. Perez, Star No. 8915, ("Perez") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

6. At all times herein mentioned, an unknown number of unnamed City of Chicago police officers ("unknown officers") were employed by the City of Chicago Police Department, and were acting under color of state law and as the employees, agents or representatives of the City of Chicago Police Department. These Defendants are being sued in their individual capacities. Upon discovery of their identities, plaintiff will amend the complaint to add them as defendants.

7. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

8. On or about August 6, 2014, Plaintiff was lawfully at her apartment located at 7814 South Emerald, Chicago, Cook County, Illinois.

9. On that day and place Defendants Rosario, Perez, and Unknown Officers forcibly entered Plaintiff's residence without first knocking and announcing their office.

10. Defendants Rosario, Perez, and Unknown Officers entered Plaintiff's residence and searched her residence.

11. There was no legal cause to enter and search Plaintiff's residence

12. Defendants Rosario, Perez, and Unknown Officers did not have a search warrant to enter and search Plaintiff's residence.

2

13. Plaintiff was then seized from her bedroom by Defendants Rosario, Perez, and Unknown Officers.

14. At the time Plaintiff was seized by Defendants, Plaintiff was not wearing any clothes.

15. Plaintiff asked the officers if she could put on clothes multiple times upon her seizure, but Defendants denied her requests.

16. Plaintiff was forced to stand naked in front of male and female officers for some time before she was allowed to put clothes on.

17. This seizure of Plaintiff was unreasonable and without legal cause.

18. Plaintiff did not consent to being seized.

19. There was no outstanding arrest warrant for Plaintiff.

20. There was no legal cause to seize Plaintiff.

21. Plaintiff was transported to the 6th District police station where she was imprisoned.

22. On or about August 6, 2014, Defendants caused false criminal charges to be brought against Plaintiff for disorderly conduct.

23. On information and belief, the charge of disorderly conduct was dismissed in Plaintiff's favor in September 2014 or October 2014.

24. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to her damage in an amount to be ascertained.

25. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the

awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

26. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to her in the within action so that she might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff Against Rosario, Perez, and Unknown Officers for
### UNREASONABLE DETENTION and UNREASONABLE SEIZURE

27. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

28. By reason of the conduct of the individual Defendants, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

29. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner: the seizure, manner of seizure, and detention of Plaintiff was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff against Rosario, Perez, and Unknown Officers for
### UNREASONABLE SEARCH

30. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-nine (29) hereat as though fully set forth at this place.

31. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

32. The arbitrary intrusion by Defendant, into the security and privacy of Plaintiff's residence was in violation of Plaintiff's Constitutional Rights and not authorized by law. Defendant violated Plaintiff's rights in the following manner: (1) The forcible entry and search of Plaintiffs' residence; (2) Forcibly entering the residence without first knocking and announcing their office; and (3) Requiring Plaintiff to stand naked in front of male and female officers. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendants, and each of them, in their individual capacity are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiff Against Rosario, Perez, and the City of Chicago For The Supplemental Claim Of MALICIOUS PROSECUTION

33. Plaintiff incorporates and realleges paragraphs one (1) through thirty-two (32) hereat as though fully set forth at this place.

34. Defendants Rosario and Perez caused a criminal prosecution to commence and/or continue against Plaintiff.

35. Rosario and Perez, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution of these proceedings. As a result, Plaintiff was injured emotionally,

financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

36. Rosario and Perez initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, and/or by preparing false witness statements.

37. The criminal proceedings were terminated in the plaintiffs' favor in or about September or October 2014.

38. The City of Chicago is liable to Plaintiff for the acts of Rosario and Perez pursuant to the doctrine of *respondeat superior*.

39. Therefore, Rosario, Perez, and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

## COUNT IV
### Plaintiff against Rosario, Perez, Unknown Officers and the City of Chicago For The Supplemental Claim Of TRESPASS

40. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-nine (39) hereat as though fully alleged at this place.

41. Rosario, Perez, and Unknown Officers committed the tort of trespass when they entered Plaintiff's residence without permission or authority.

42. The City of Chicago is liable to Plaintiff for the acts of Rosario, Perez, and the Unknown Officers pursuant to the doctrine of *respondeat superior*.

43. As a result of these acts and/or omissions Plaintiff was damaged, and Rosario, Perez, Unknown Officers, and the City of Chicago are all liable under the supplemental state law claim of Trespass

WHEREFORE, the Plaintiff, by and through her attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Jonathan D. Wassell
Jonathan D. Wassell
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jwassell@efox-law.com

7

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

        BY:    s/ Jonathan D. Wassell
                   Jonathan D. Wassell
                   ED FOX & ASSOCIATES
                   Attorneys for Plaintiff
                   300 West Adams
                   Suite 330
                   Chicago, Illinois 60606
                   (312) 345-8877
                   jwassell@efox-law.com